IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| TYERIN GRIFFIN, | § | |
| | § | No. 12, 2022 |
| Defendant Below, | § | |
| Appellant, | § | |
| | § | Court Below–Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID Nos. 1604000474A (N) |
| Appellee. | § | 1604000474B (N) |
| | § | |

Submitted: August 8, 2022
Decided: August 30, 2022

Before **SEITZ**, Chief Justice; **VAUGHN** and **TRAYNOR**, Justices.

## ORDER

After consideration of the appellant's brief filed under Supreme Court Rule 26(c), his attorney's motion to withdraw, the State's response, and the record on appeal, it appears to the Court that:

(1)     In September 2016, a Superior Court grand jury indicted the appellant, Tyerin Griffin, on one count of first-degree murder, one count of attempted first-degree murder, three counts of possession of a firearm during the commission of a felony (PFDCF), one count of first-degree reckless endangering, and one count of possession of a firearm by a person prohibited (PFBPP). Griffin proceeded to a trial before a Superior Court jury on the charges (except the PFBPP charge, which was severed from the others at Griffin's request). Following a five-day trial, the jury

found Griffin guilty of manslaughter (as a lesser-included offense of first-degree murder), first-degree reckless endangering, and two counts of PFDCF. Afterward, the trial judge found Griffin guilty of PFBPP. The State moved to have Griffin declared a habitual offender under the version of 11 *Del. C.*§ 4214(c) then in effect and asked the Superior Court to sentence him accordingly for the manslaughter, PFDCF, and first-degree reckless endangering convictions. The Superior Court granted the motion and sentenced Griffin to an aggregate of 90 years of Level V incarceration. We affirmed Griffin's convictions and sentence on direct appeal.[1]

(2) In August 2020, Griffin moved for the correction of what he claimed was an illegal sentence under Superior Court Criminal Rule 35, arguing that he should have been sentenced under the version of Section 4214 in effect when he engaged in the conduct that led to his 2018 convictions (specifically, April 2016). The State conceded that Griffin was correct. The State then moved to have Griffin declared a habitual offender under the version of Section 4214(a) in effect in April 2016 (the "previous version of Section 4214(a)") and asked the Superior Court to sentence him accordingly for the manslaughter, PFDCF, and first-degree reckless endangering convictions. Under the previous version of Section 4214(a), Griffin was subject to a minimum sentence of the statutory maximum penalty and up to a life sentence for each conviction for which the State sought habitual offender

---

[1] *Griffin v. State*, 2020 WL 1159289 (Del. Mar. 9, 2020).

sentencing. That is, Griffin faced a minimum sentence of 25 years for each of his three Class B felony convictions (the manslaughter and PFDCF convictions) and 5 years for his Class E felony conviction (the first-degree reckless endangering conviction). Based on his criminal history, Griffin also faced a 10-year minimum sentence for his PFBPP conviction.[2]

(3) In December 2021, the Superior Court granted the State's motion and resentenced Griffin to an aggregate of 90 years of incarceration. At Griffin's request, the court ordered Griffin's 5-year sentence for first-degree reckless endangering to run concurrently to his 10-year sentence for PFBPP. In short, the Superior Court imposed the minimum sentence authorized by statute. This is Griffin's appeal.

(4) Griffin's counsel on appeal has filed a brief and a motion to withdraw under Rule 26(c). Counsel asserts that, after a conscientious review of the entire record and the law, he has concluded that this appeal is wholly without merit. Griffin's attorney informed Griffin of the provisions of Rule 26(c) and provided him with a copy of the motion to withdraw and the accompanying brief. Counsel also informed Griffin of his right to supplement his attorney's presentation. Griffin has not raised any issues for the Court's consideration. The State has responded to the

---

[2] 11 *Del. C.* § 1448(e)(1)(c) (setting a 10-year minimum sentence for anyone previously convicted on two or more separate occasions of any violent felony).

3

position taken by Griffin's counsel and has moved to affirm the Superior Court's judgment.

(5)     The standard and scope of review applicable to the consideration of a motion to withdraw and an accompanying brief under Rule 26(c) is twofold.  First, the Court must be satisfied that defense counsel has made a conscientious examination of the record and the law for claims that could arguably be raised on appeal.[3]  Second, the Court must conduct its own review of the record and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[4]

(6)     The Court has reviewed the record carefully and has concluded that Griffin's appeal is wholly without merit and devoid of any arguably appealable issues.  We also are satisfied that Griffin's counsel has made a conscientious effort to examine the record and the law and has properly determined that Griffin could not raise a meritorious claim in this appeal.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.  Counsel's motion to withdraw is moot.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

---

[3] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *McCoy v. Court of Appeals of Wis.*, 486 U.S. 429, 442 (1988); *Anders v. California*, 386 U.S. 738, 744 (1967).
[4] *Penson*, 488 U.S. at 81-82.

4